## JAMES T. DERRICKSON v. JAMES WHITE.

1. When, in ejectment, service of the summons was upon the wife of defendant, "at the dwelling-house on said premises," without stating it to have been the dwelling-house of the husband, and it was evident by proof that the defendant had notice of the service made by the sheriff at the dwelling-house in question, it will be deemed a sufficient service.

2. On a motion to quash the writ, on the ground that the defendant was not in possession of part of the premises at the commencement of the suit, if the affidavit of the sheriff does not contain any direct allegation of the fact, and it appears from evidence taken, to be a case of doubt as to the defendant's possession, the plaintiff, if no appearance is entered, should be allowed to take judgment by default for the possession, but not for costs. If an action is afterwards brought for mesne profits and costs, the question of possession will be an open one, to be settled by the jury.

In ejectment. Motion to quash summons, for defective service and return.

The motion was argued by

*Abraham Voorhees,* for plaintiff.

*A. C. M. Pennington,* for defendant.

* *Rev.,* p. 186, § 50, amended.

The opinion of the court was delivered by

BEASLEY, C. J.    This was a motion to quash a summons in an action of ejectment.

The first ground relied upon for this purpose was, that the sheriff's affidavit states that he served the defendant "with a true copy of said summons, by leaving said copy of said summons with the wife of the said James White, at the dwelling-house on said premises." The objection urged was, that this return does not show that the dwelling-house alluded to is the dwelling-house of the defendant.

The "act to simplify the pleadings and practice in courts of law," directs that these summonses should be served in the same manner as declarations in ejectment were formerly served; and there can be no doubt that the return in this case does not fulfill the requirements of such procedure. When the service was on the wife, it was an indispensable part of the old formula, to show that the husband was living with the wife, or to state some other circumstance which would raise a reasonable presumption that the notice of the suit served on the wife would be communicated to him. Hence the affidavits of service on the wife, at the dwelling-house, invariably alleged that it was the dwelling-house of the husband. But, in the old practice, such omissions were mere irregularities, which the courts, under ordinary circumstances, permitted to be amended, the object being simply to afford satisfactory assurance that the tenant in possession had, in point of fact, received the requisite intelligence of the suit. Consequently, where the service of the declaration was not altogether in the ordinary form, it was not unusual to order the service to stand, whenever it appeared that the tenant had been substantially, though perhaps informally notified, and it was clear that he would not be surprised. From the proofs in this case now before the court, it is evident that the defendant has received notice of the service made by the sheriff at the dwelling-house in question. Under such circumstances, I think a rule should be entered, that the service of this summons should be deemed

Derrickson v. White.

sufficient. The motion on this ground, therefore, should not prevail.

The second objection urged was, that from the evidence which has been taken, it appears that, at the time of the commencement of this suit, the defendant was not, and never had been in the possession of the premises in controversy.

The land sought to be recovered appears to be a small tract, upon which a dam is partly erected, and which structure is used for the purposes of a mill situate on the land contiguous; and this mill, it is admitted, is in the occupancy of the defendant. That the premises in dispute, therefore, are used in connection with the mill property, is not denied; but it is insisted, that such premises are not in the possession of the defendant; and the hypothesis was, that unless the defendant shall be permitted to controvert the fact of possession, on this motion, he is without remedy, for a plea admits possession, and if he refrain from pleading, a judgment for the costs of the suit will be taken against him. But this is an erroneous view of the provisions of the statute. As the case now stands before the court, the plaintiff, on the failure of the defendant to appear and plead, will be entitled simply to a judgment that he recover possession of the premises. In order to entitle him to recover costs, the statute expressly prescribes, that it must appear by the affidavit of the service of the summons, that the defendant was in actual possession of the lands claimed, or some part thereof, at the time of such service; and the affidavit of the officer endorsed on the writ, in this case, does not contain any direct allegation of this fact, and, consequently, the only judgment by default which can be rendered, will be for the possession of the property. In an action for the mesne profits and costs, the question of possession would, therefore, be an open one to be settled by the jury. If, then, the defendant in this case has never been in possession of the disputed premises, and does not claim any right of possession to them, he will not be injured by permitting the plaintiff to take a judgment for possession, but without costs.

It may be proper, however, before leaving this subject, to remark, that the depositions which have been taken on this motion, have left the point of the defendant's occupation of the premises in obscurity. The evidence on this subject is in conflict. The result attained in this instance, therefore, does not imply that on an occasion when it appeared, incontestably, that the defendant was not in possession of the contested property, and did not lay claim to such possession, that this court, in its discretion, would not quash the proceedings. Such a state of affairs might be regarded as presenting an abuse of the process of the court. But in a case of doubt on the question of the defendant's possession, the plaintiff, as it seems to me, should be allowed to take a judgment of the character above indicated.

The motion to quash is denied.

CITED in *Dock* v. *Elizabethtown Steam Manufacturing Co.*, 5 *Vroom* 315 ; *Kloepping and wife* ads. *Stellmacher*, 7 *Vroom* 180.